FILED
2017 Jul-27  PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| Debbie Constantine, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| Convergent Outsourcing, Inc., a Washington corporation and Pinnacle Credit Services, LLC, a Minnesota limited liability company, | ) ) ) ) ) | Class Action |
| Defendants. | ) | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Debbie Constantine, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

### PARTIES

3.      Plaintiff, Debbie Constantine ("Constantine"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendants

attempted to collect a delinquent consumer debt, which was allegedly owed for a cell phone bill.

4.     Defendant, Convergent Outsourcing, Inc. ("Convergent"), is a Washington corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts that it did not originate.  Defendant Convergent operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama.  In fact, Defendant Convergent was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant, Pinnacle Credit Services, LLC ("Pinnacle"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Defendant Pinnacle operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama.  In fact, Defendant Pinnacle was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.     Defendant Pinnacle is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.  Defendant Pinnacle's principal, if not sole, business purpose is the collection of delinquent consumer debts originated by others.

2

## FACTUAL ALLEGATIONS

7.      More than six years ago, Ms. Constantine allegedly did not pay a debt she owed for a cell phone.  Sometime after that debt became delinquent, it was allegedly purchased/obtained by Pinnacle, which tried to collect upon it, by having Defendant Convergent send Ms. Constantine a form collection letter, dated July 6, 2017, demanding payment of the cell phone debt.  This letter made a settlement offer and told Ms. Constantine not to pass up this "opportunity".  The then letter then belatedly stated:

* * *

> The law limits how long you can be sued on a debt.  Because of the age of your debt, Pinnacle Credit Services, LLC will not sue you for it, and Pinnacle Credit Services, LLC will not report it to any credit reporting agency.

* * *

A copy of these collection letters are attached as Exhibit A.

8.      Defendants' letter, however, failed to state that Convergent, the original creditor, or any of the related entities listed on the reverse side of the letter could not also sue on the debt, and that Convergent and the original creditor could not also make a credit report about the debt; moreover, by stating that Pinnacle "will not" sue or credit report, rather than it "cannot" sue or credit report, the letter implied that Pinnacle still had the option to take those actions, and that it was simply choosing not to do so.

9.      In fact, no one could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Alabama, namely four years from the date of the last payment, see. Alabama Code § 7-2-725,.

10.     Defendants' failure to disclose that no one could sue or credit report about the debt is material.  This lack of a proper disclosure would leave the consumer without

enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants, that the debt needed to be settled and/or would result in the alleged savings.

11.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).  Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

15.     Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA.  See, Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

16.     Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Convergent, the original creditor or any of the related entities listed on the reverse side of the letter would not sue on the debt; b) they did not foreclose the possibility that Convergent, the original creditor or any of the related entities listed on the reverse side of the letter could credit report the debt; and c) they failed to foreclose that Pinnacle could not legally sue or credit report the debt, not that Pinnacle had simply chosen not to do so.

17.     These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, or that there was some benefit in paying the debt, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012), in violation of § 1692e of the FDCPA.

18.     Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

19.     Plaintiff adopts and realleges ¶¶ 1-12.

20.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

21.    Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Convergent, the original creditor or any of the related entities listed on the reverse side of the letter would not sue on the debt; b) they did not foreclose the possibility that Convergent, the original creditor or any of the related entities listed on the reverse side of the letter could credit report the debt; and c) they failed to foreclose that Pinnacle could not legally sue or credit report the debt, not that Pinnacle had simply chosen not to do so.

22.    These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, or to obtain the alleged savings/aid, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012), in violation of § 1692f of the FDCPA.

23.    Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### CLASS ALLEGATIONS

24.    Plaintiff, Debbie Constantine, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Alabama from whom Defendants attempted to collect a delinquent, time-barred consumer debt (i.e., where the date of last payment/statement is more than six years from the date of the letter), via the same form collection letter (Exhibit A), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that

Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

25.     Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Constantine, in their attempts to collect delinquent consumer debts from other consumers.

26.     The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Constantine.

27.     Plaintiff Constantine's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

28.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

29.     Plaintiff Constantine will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action

7

complaint will not require extended contact with the members of the Class, because

Defendants' conduct was perpetrated on all members of the Class and will be

established by common proof.  Moreover, Plaintiff Constantine has retained counsel

experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Debbie Constantine, individually and on behalf of all others similarly

situated, prays that this Court:

1.      Certify this action as a class action;

2.      Appoint Plaintiff Constantine as Class Representative of the Class, and

her attorneys as Class Counsel;

3.      Find that Defendants' form collection letter violates the FDCPA;

4.      Enter judgment in favor of Plaintiff Constantine and the Class, and against

Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as

provided by § 1692k(a) of the FDCPA; and,

5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Debbie Constantine, individually and on behalf of all others similarly

situated, demands trial by jury.

Debbie Constantine, individually and on
behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  July 27, 2017

8

David J. Philipps      (Ill. Bar No. 06196285)(pro hac vice to be sought)
Mary E. Philipps       (Ill. Bar No. 06197113)(Pro hac vice to be sought)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com